IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


TERRY LEE BISHOP                                                                    PLAINTIFF


        v.                                CIVIL NO. 23-5153


MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                                    DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        Plaintiff, Terry Lee Bishop, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  *See*

42 U.S.C. § 405(g).

## I.      Procedural Background:

        Plaintiff protectively filed his current applications for DIB and SSI on December 29, 2020,

alleging an inability to work since August 8, 2019, due to several heart attacks, double bypass

surgery, high blood pressure, joint problems in the lower back and lower extremities, and being

---

[1] Martin J. O'Malley, has been appointed to serve as Commissioner of Social Security
Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of
Civil Procedure.

pre-diabetic. (Tr. 57, 199, 205). An administrative telephonic hearing was held on October 27, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 35-56).

By written decision dated April 10, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ found Plaintiff had the following severe impairments: major depressive disorder, coronary artery disease status post stenting and surgery, borderline personality disorder, degenerative disc disease, obesity, moderate arthritis of the right ankle, mild arthritis of the right knee, hypertension, and first metatarsophalangeal joint osteoarthritis. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. He must avoid concentrated exposure to extreme heat and hazards such as dangerous machinery and unprotected heights. He can do work where interpersonal contact that is incidental to the work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment. Supervision required is simple, direct and concrete.

(Tr. 18-19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document preparer, a final assembler, and a bench hand. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on July 12, 2023. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 11, 12).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

## III.    Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (ECF No. 11). Plaintiff raises the following issues on appeal: A) The ALJ failed to fully and fairly develop the record; B) The ALJ erred in assessing the credibility of Plaintiff's subjective complaints; and C) The ALJ erred in evaluating opinion evidence and determining Plaintiff's RFC. (ECF No. 11). The Court will consider each of Plaintiff's arguments.

### A.    Duty to Develop the Record:

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations is stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical

examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff claims that the ALJ erred by failing to fully and fairly develop the medical record regarding Plaintiff's alleged impairments and the ALJ should have obtained an additional physical consultative examination.[2] (ECF No. 11, pp. 5-8).

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala,* 38 F.3d 1019 at 1023. While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain

---

[2] On January 12, 2024, Plaintiff filed an appeal brief setting forth his specific appoints of appeal. (ECF No. 11). When setting forth his argument regarding the development of the record, Plaintiff stated that physical therapy records dated after the administrative hearing were "missing from the record." (ECF No. 11, p. 6). By Order dated May 23, 2024, the Court directed Plaintiff's counsel to submit an affidavit stating when the physical therapy records were submitted to Defendant. (ECF No. 13). On June 5, 2024, Plaintiff's counsel filed an affidavit clarifying that the administrative record was not missing evidence submitted by Plaintiff. (ECF No. 14).

sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Id*. After reviewing the entire 908-page administrative record, the Court finds nothing which establishes the record was inadequate for the ALJ to make his decision. The medical record includes treating physician records; four non-examining medical consultant opinions; a consultative mental evaluation; physical exam reports; objective testing to include x-rays and case analysis.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has made no demonstration that any further record development would have changed the outcome of the ALJ's determination. Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that he was prejudiced by any perceived failure to develop the record.

### B.    Subjective Allegations:

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *See Shultz v. Astrue*, 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 F.2d at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See Id*. The ALJ is not required to methodically discuss each factor as long as

the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See Id.; Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations. (Tr. 17-26). The ALJ's opinion outlines Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id*. The ALJ also noted Plaintiff's daily activities and set forth the reasons for finding them not as limiting as described by Plaintiff. *Id*. Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted Plaintiff's symptoms improved with the use of medication and surgery. *Bernard v. Colvin*, 774 F.3d 482, 488 (8th Cir. 2014) (an impairment that is "controllable or amenable to treatment [does] not support a finding of total disability") (internal quotation omitted). With respect to Plaintiff's use of a cane, the ALJ found the evidence failed to establish a documented medical need for the

assistive device. (Tr. 25). In support of this finding, the ALJ noted the record did not specifically describe the limitations in the lower extremity functioning in the context of a work environment, that there was no evidence from a medical source specifically endorsing Plaintiff's need for the assistive device, and that the record indicated Plaintiff could stand and walk without difficulty. A review of the ALJ's decision reveals that he properly supported his findings regarding Plaintiff's subjective statements based on the medical and other evidence in the record. Based upon the Court's review of the record, there is no basis for reversal on this issue.

      **C.**    **RFC Determination:**

      In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work with limitations. (Tr. 18-19). Plaintiff argues the ALJ erred in this RFC determination. (ECF No. 11, p. 9). However, after review, the Court finds substantial evidence supporting the ALJ's RFC determination.

      Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the

workplace." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *See Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without medical opinion evidence). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

In determining Plaintiff's RFC, the ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. (Tr. 18-26). The ALJ considered the medical assessments of the consultative and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. The mere fact that Plaintiff suffers from several impairments does not demonstrate he has more limitations than those found in the RFC assessment. The ALJ addressed evidence that revealed Plaintiff was able to prepare simple meals, perform light household chores, manage his personal care needs, ride his bicycle to appointments, shop in stores, watch television, read, sew, paint, play games, do crossword puzzles, and engage in the hobby of medieval sword fighting. The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform sedentary work with limitations. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).

The ALJ was required to adopt a RFC based upon the record as a whole, and the Court finds that the ALJ met this obligation. *See Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (stating that "it is the responsibility of the ALJ, not a physician, to determine a

claimant's RFC;" and that the ALJ does so on the basis of "all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations"). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

## IV.    Conclusion:

Based on the foregoing, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2024.


/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE